NICHOLS v FARMINGTON PUBLIC SCHOOLS

Docket No. 81579. Submitted February 20, 1986, at Detroit.—Decided April 9, 1985.

Tim Nichols, a hearing-impaired student in the Farmington Public Schools, attended special education classes until he was placed into regular education classes at a grade lower than that which other students of his age would be in. He was ruled ineligible to participate in varsity basketball during his senior year in high school, on the basis that he had reached the age of 19 years before the start of his senior year. The ineligibility was the result of a rule of the Michigan High School Athletic Association (MHSAA). Tim Nichols and his father, Donald Nichols, filed suit in Oakland Circuit Court against the Farmington Public Schools and the MHSAA. Plaintiffs alleged that enforcement of the age rule would violate plaintiff Tim Nichols's constitutional rights. Plaintiff also sought to enjoin defendant Farmington Public Schools from enforcing the age rule. The circuit court, David F. Breck, J., granted summary judgment in favor of defendants, after ruling that plaintiffs had failed to state a claim upon which relief could be granted. Plaintiffs appealed. *Held:*

1. Under the Michigan Administrative Code, plaintiff Tim Nichols's parents had a right to a hearing if they objected to his placement at one lower grade. However, they did not exercise that right at the time of placement and plaintiffs cannot now claim that defendant Farmington Public Schools denied their due process rights because no hearing took place.

2. Defendant MHSAA considers applications for exceptions to its rules when a school system formally requests a waiver. Plaintiffs did not request defendant Farmington Public Schools to file for such a waiver. On appeal, plaintiffs presented no argument in support of their contention that the age rule, which they admitted had a rational basis, has a discriminatory

REFERENCES

Am Jur 2d, Schools §§ 1-13, 242, 244.
Validity of regulation of athletic eligibility of students voluntarily transfering from one school to another. 15 ALR4th 885.

effect. Therefore, plaintiffs were not denied their due process right.

Affirmed.

Schools — School Districts — Interscholastic Athletics — Constitutional Law — Civil Rights.

A school district may disallow a student in one of its schools from participating in interscholastic athletics on the basis that the student has attained nineteen years of age before the start of an academic year; application of such a rule does not violate the student's constitutional or civil rights, where the student or his parents do not request a waiver of the rule.

*Thomas Trudell,* for plaintiff.

*Edmund J. Sikorski, Jr.,* for Michigan High School Athletic Association.

Before: J. H. Gillis, P.J., and T. M. Burns and W. F. Hood,* JJ.

Per Curiam. Plaintiffs, Tim Nichols and his father, Donald Nichols, appeal as of right from an order of the circuit court granting defendants' motion for summary judgment.

Plaintiff Tim Nichols, had been a student in defendant Farmington Public Schools during all of his formal education. As a result of a severe hearing impairment, plaintiff is considered to be handicapped as that term applies to the Michigan Handicappers Civil Rights Act. MCL 37.1101 *et seq.;* MSA 3.550(101) *et seq.* Plaintiff was placed in special education classes until 1976, when he was "mainstreamed" into regular education classes as required by the civil rights act. When the mainstreaming took place, plaintiff was placed in a grade one level below that which his age would normally suggest. Plaintiff claims that this placement was never discussed with his parents and

* Circuit judge, sitting on the Court of Appeals by assignment.

that the ramifications of this decision were not made clear.

Problems with the placement did not arise until plaintiff's senior year, when he was declared ineligible to compete in the varsity basketball program due to a rule of the Michigan High School Athletic Association (MHSAA), which excludes from participation in interscholastic athletics those students who have reached their 19th birthday before September 1 of the academic year in question. Plaintiff turned nineteen on August 16, 1984, thus rendering him ineligible for varsity basketball during his senior year.

On July 25, 1984, plaintiffs filed a complaint alleging that the enforcement of the age rule in this case would violate plaintiff's constitutional rights. They further sought to enjoin defendant Farmington Public Schools from enforcing the MHSAA's age rule. Defendants filed a motion for summary judgment under GCR 1963, 117.2(1), contending that plaintiffs had failed to plead a constitutionally protected right and failed to plead facts which would support a claim that the age rule deprived plaintiff of equal protection or due process. In an opinion and order filed October 30, 1984, the trial court granted defendants' motion.

On appeal, plaintiffs present two issues. First, they claim that they were denied due process as a result of defendant school system's failure to provide a hearing in regards to the initial placement decision. We find no merit to the argument. Under the Michigan Administrative Code, plaintiff's parents had a right to request a hearing if they in fact objected to his placement one level below that suggested by his age. 1979 AC, R 340.1724. Since there is no indication that plaintiffs sought to exercise their right to a hearing, they cannot claim a denial of due process on this basis.

Plaintiffs also claim a denial of due process as a result of the failure of defendant MHSAA to provide an exception to the age rule in the instant case. Again, we find that plaintiffs' claim is without merit since they failed to follow the procedures available to them. According to defendant MHSAA, it will consider applications for exceptions to its rules when a school system formally presents a request for a waiver to its representation council. Plaintiffs do not contend that they ever requested that the school system file for such a waiver. Furthermore, plaintiffs have presented no argument which would support their contention that the age rule has a "discriminatory effect". As noted in an affidavit submitted with defendants' brief in support of the motion for summary judgment, the age rule serves the following purposes:

"The 'age rule' is one of the basic rules of eligibility of interscholastic athletics throughout the nation. It has many purposes, and among them are the following:

"1. It treats all students equally regardless of race, creed, origin, sex, gifted, or handicapped.

"2. It encourages athletes to complete four years of high school between the ages of 15 and 18.

"3. It reduces the opportunity to hold students back (red shirt) for athletic purposes.

"4. The rule is consistent with the philosophy of interscholastic athletics in that a student's primary purpose in attending high school is to obtain an education, with participation in athletics secondary.

"5. It tends to create equal competition with established age limitations.

"6. It tends to decrease the opportunity for one team to have several 'older' students competing against opponents with younger athletes.

"7. There tends to be great maturity differences between students age 15 or 16 and those going on age 20.

"8. It tends to reduce the opportunity for mismatches

in competition. For example, a 15-year-old ninth or tenth grader could be competing against a student going on age 20, 21, etc.

"9. It reduces the chances for litigation due to mismatches in competition.

"10. It reduces the opportunity for a student who would normally be out of high school to take the position of a younger student who is progressing through high school at a normal rate.

"11. A September 1, deadline, as indicated by the MHSAA HANDBOOK, could be considered arbitrary. However, if the date was changed to August 1, it would also be arbitrary and there would be students turning 19 years of age July 30, who would want the age limit changed to July 1."

We note that even plaintiffs agree that the age rule has a rational basis. Since plaintiffs have failed to present a basis for reversing the trial court's order granting the motion for summary judgment, we must affirm that order.

Affirmed.